[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13609

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS ANTHONEY GOWIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cr-20254-MGC-2

_____

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Louis Anthoney Gowie appeals his 36-month sentence, which the district court imposed after he pled guilty to one count of conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana on board a vessel subject to U.S. jurisdiction. Gowie argues that his sentence was substantively unreasonable. Because the district court did not abuse its discretion in weighing the 18 U.S.C. § 3553(a) sentencing factors, we affirm.

## I.    BACKGROUND

In July 2020, the United States Coast Guard observed a vessel near the coast of Haiti. As the Coast Guard approached the vessel, the vessel accelerated to a high speed. In response, the Coast Guard launched a vessel with a law enforcement team to investigate. The team observed one person operating the vessel and three crew members, including Gowie, discarding packages overboard.[1] The vessel's operator made evasive maneuvers, prompting the Coast Guard team to fire warning shots across the bow of the vessel. The vessel attempted to ram the Coast Guard vessel, and the

---

[1] Once the Coast Guard approached the vessel, one of the crewmembers claimed that the vessel was of Jamaican nationality. The Jamaican government later confirmed that the vessel was registered in Jamaica but waived objection to the enforcement of United States law. Thus, the vessel, cargo, and crewmembers became subject to the jurisdiction of the United States.

Coast Guard team fired shots at the vessel's engines, disabling the vessel.

Once onboard the vessel, the Coast Guard team observed several packages similar to the packages thrown overboard, which they later recovered. The packages were filled with marijuana and totaled to 1,709 kilograms.

Gowie and the crewmembers (collectively, the "codefendants") were charged with one count of conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana on board a vessel subject to U.S. jurisdiction and one count of possession with intent to distribute 1,000 kilograms or more of marijuana on board a vessel subject to U.S. jurisdiction. Gowie pled guilty to the conspiracy count in exchange for the government agreeing to dismissal of the other charge against him.

Before sentencing, the United States Probation Office prepared a presentence investigation report ("PSR") to help the district court determine Gowie's sentence. Based on the quantity of marijuana involved, the PSR calculated Gowie's base offense level of 30. The PSR then applied a two-level reduction because Gowie was eligible for the safety valve under § 5C1.2(a)(1)–(5) of the Sentencing Guidelines and a three-level reduction for acceptance of responsibility, yielding a total offense level of 25. The PSR found that this total offense level and Gowie's criminal history category of I yielded a recommended range under the guidelines of 57 to

71 months' imprisonment. The statutory range was 10 years to life imprisonment.[2]

The PSR detailed Gowie's personal history, including that he was a native and citizen of Jamaica and had no legal status in the United States. The PSR explained that Gowie grew up in a poor and violent community, where he and his eight siblings lived in a one-bedroom home with no running water or electricity. Starting in the fourth grade, Gowie began work as a market vendor where he was employed until 2020, when the market shut down because of the COVID-19 pandemic. The PSR also noted Gowie's medical history, including that he suffered from high blood pressure, stomach ulcers, and a prostate condition.

Gowie objected to the PSR, arguing that the PSR should have applied a two-level reduction for his minor role in the criminal activity. He also moved for a downward variance based on his criminal history category, personal history and circumstances, and medical conditions. He added that, because he was a noncitizen with no legal status in the country, he would be ineligible to go to a halfway house and would be further incarcerated at an immigration detention facility until he was deported. The government opposed the motion.

---

[2] Because Gowie was eligible for the safety valve, however, the probation officer noted that the district court should impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence.

At sentencing, the district court overruled Gowie's objection. After considering the § 3553(a) factors, the district court sentenced Gowie to 36 months' imprisonment and two years' supervised release. Gowie renewed his previous objection and the government objected to the below-guideline sentence.

This is Gowie's appeal.

## II.    DISCUSSION

On appeal, Gowie challenges the substantive reasonableness of his sentence. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted). The party challenging the sentence bears the burden of showing it is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances, including "whether the statutory factors in § 3553(a) support the sentence in

question."[3] *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "We will not second guess the weight (or lack thereof) that the judge accorded to a given factor under § 3553(a), as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (alterations adopted) (internal quotation marks omitted). We may vacate a sentence only if we firmly believe that the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). We may not set aside a sentence "merely because we would have decided that another one is more appropriate." *Id.* at 1191. "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the [g]uidelines range to be reasonable." *United States v. Hunt*,

---

[3] Under § 3553(a), the district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

526 F.3d 739, 746 (11th Cir. 2008) (alteration adopted) (internal quotation marks omitted).

Gowie argues that, in weighing the § 3553(a) factors, the district court failed to give proper weight to mitigating factors, including the effect of his noncitizen status on his prison term, his personal history and financial circumstances, and his medical conditions. We begin by observing that Gowie's sentence was far below the statutory maximum of life imprisonment and below the applicable guidelines range. Although we do not presume that a sentence within or below the guidelines range is reasonable, we ordinarily expect it to be so. *See id.*

Essentially, Gowie is asking us to reweigh the relevant factors. We do not reweigh relevant factors nor do we remand for re-sentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences. *See Snipes*, 611 F.3d at 872; *Irey*, 612 F.3d at 1190. After considering the facts of the case, we are not left with a definite and firm conviction that the district court committed a clear error of judgment when it imposed a 36-month sentence, rather than a lower sentence. Gowie's sentence was within the range of reasonable sentences that could be imposed in this case in light of the codefendants' efforts to evade the Coast Guard and the large quantity of drugs involved.

### III.    CONCLUSION

For these reasons, we affirm Gowie's sentence.

**AFFIRMED.**